IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGETTE BENITA THORNTON,<br>    Plaintiff, | : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : | |
| JUDGE DEBORAH C. BENEFIELD et al.,<br>    Defendants. | : | CIVIL ACTION NO.<br>1:13-CV-3206-JEC-LTW |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at Lee Arrendale State Prison in Alton, Georgia. Plaintiff, pro se, initiated this action by filing a 114-page complaint under 42 U.S.C. § 1983, (Docs. 1, 1-1, 1-2), and a 394-page motion for summary judgment, (Docs. 3, 3-1, 3-2, 3-3, 3-4, 3-5). Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP").

In her complaint, Plaintiff seeks both damages and release from prison. (Doc. 1 at 4-5.) Plaintiff named as Defendants the judge on the Superior Court of Clayton County who presided over Plaintiff's criminal case, the justices on the Supreme Court of Georgia who affirmed Plaintiff's judgment of conviction, and the United States. (*Id.* at 1, 3); *see Thornton v. State*, 620 S.E.2d 356 (Ga. 2005) (affirming Plaintiff's conviction for felony murder and resulting life sentence).

On October 7, 2013, the Court issued an Order informing Plaintiff that she could not seek damages and habeas relief in a single action. (Doc. 5.) The Court directed Plaintiff to inform the Court whether she wished to proceed with this case as

AO 72A
(Rev.8/82)

a § 1983 action for damages or a habeas action challenging her judgment of conviction. (*Id.*) The Court also directed Plaintiff to either pay the filing fee or submit an application to proceed IFP. (*Id.*) The Court provided Plaintiff an IFP form and a habeas petition form and gave her twenty-one days to comply with the Order. (*Id.*) Finally, the Court struck Plaintiff's motion for summary judgment because it did not comply with the Court's Local Rules, but allowed Plaintiff to re-file a compliant motion. (*Id.*)

Plaintiff filed a response informing the Court that she "wants to proceed with this case as a civil rights action for damages under 42 U.S.C. § 1983." (Doc. 6 at 1.) Plaintiff seeks forty-five million dollars in damages. (*Id.*) Plaintiff also re-filed her motion for summary judgment and complied with the Court's Local Rules regarding page limitations. (Doc. 7.) Plaintiff has not paid the filing fee or submitted an IFP application.

Plaintiff's failure to comply with that portion of the Court's Order directing her to either pay the filing fee or submit an IFP application warrants dismissal of this case. *See* Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa. But even if Plaintiff had complied with that portion of the Order, this § 1983 action is not cognizable for at least two reasons. *See* 28 U.S.C. § 1915A (requiring federal courts to screen prisoner complaints to determine whether the action (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief).

2

First, Plaintiff's claims are barred because success on her claims would imply the invalidity of her conviction and current imprisonment. A "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Plaintiff contends in her complaint that Defendants violated her rights "by an invalid void judgement of felony murder," (Doc. 1 at 3), and "sentenced her to an unlawful restraint," (Doc. 1-1 at 24). Throughout her complaint, Plaintiff "claims under . . . 42 U.S.C. § 1983" that Defendants issued "illegitimate rulings . . . judgments and opinions as a (matter of law)" in her state criminal case that resulted in her present confinement. (*Id.* at 30-31; Doc. 1-2 at 6-7, 43.) Success on Plaintiff's claims thus would necessarily demonstrate the invalidity of her judgment of conviction, which has not been invalidated. *Heck* bars this § 1983 suit for damages. *See Wilkinson*, 544 U.S. at 81-82.

Second, Plaintiff cannot obtain relief under § 1983 on her claims because the defendant judges are immune from such relief. Judges enjoy absolute immunity for

acts taken in their judicial roles during court proceedings. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). It is clear from Plaintiff's complaint, and her motion for summary judgment, that she seeks damages under § 1983 for acts the Defendant judges took in Plaintiff's criminal case. (*See* Doc. 1 at 3-4, Doc. 1-1 at 32-34, Doc. 7.) Plaintiff contends that the judges' rulings at the trial and appeal phases of her criminal case were wrong and not in accordance with the law. (*Id.*) The judges are immune from suit on such claims. *See Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000) ("This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."). Even if this action were not barred by *Heck*, Plaintiff's allegations fail to state a claim upon which relief may be granted as to any Defendant.[1]

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A and that Plaintiff's motion for summary judgment [7] be **DENIED AS MOOT**.

**SO RECOMMENDED** this 4 day of November, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff alleged no facts to support liability against the United States or overcome the sovereign immunity that bars damages claims against the federal government. *See United States v. Bormes*, 133 S. Ct. 12, 16 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed." (quotation marks omitted)).