IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGETTE BENITA THORNTON, | : | PRISONER CIVIL RIGHTS |
| GDC #769078, | : | 42 U.S.C. § 1983 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-cv-3206-JEC |
| JUDGE DEBORAH C. BENEFIELD, | : | |
| et al., | | |
| Defendants. | | |

**ORDER AND OPINION**

Plaintiff is confined at Lee Arrendale State Prison in Alto, Georgia. Plaintiff, pro se, seeks forty-five million dollars in damages under 42 U.S.C. § 1983 from the trial and appellate judges who presided over her state criminal case and from the United States. (Pl.'s Compl. [1]; Pl.'s Resp. [6].) Plaintiff contends that defendants entered invalid and illegitimate judgments in her criminal case, resulting in her present confinement. (See Pl.'s Compl. [1, 1-1, 1-2].)

After plaintiff confirmed that she seeks only damages in this action, and not release from prison, Magistrate Judge Walker screened the complaint under 28 U.S.C. § 1915A. (Final Report and Recommendation ("R&R") [9].) Judge Walker found that plaintiff's claims are barred by the principle set out in *Heck v. Humphrey*, 512 U.S. 477 (1994) and that the defendant judges are immune from the relief plaintiff seeks. (*Id.*) Judge Walker thus recommended that

the case be dismissed and that plaintiff's motion for summary judgment be denied as moot. (*Id.*)  Plaintiff filed objections to the R&R.  (Pl.'s Obj. [15].)

A district judge must conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982).  The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made."  28 U.S.C. § 636(b)(1)(C).  Those portions of the R&R for which there is no objection are reviewed only for clear error. *See United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) ("District judges do not actually have to exercise de novo review of magistrate judges' decisions, however, unless an objection is made.").

Plaintiff does not dispute the conclusion in the R&R that her claims are barred by the principle set out in *Heck* and by absolute immunity.  (Pl.'s Obj. [15].)  She instead argues that this case should be held in abeyance pending the outcome of the habeas action she recently filed in this Court.  (*Id.*); *see Thornton v. Seabolt*, No. 1:13-cv-3692-JEC-LTW (N.D. Ga. Nov. 5, 2013), Pet. at Dkt. No. 1. Plaintiff contends that this action is "subordinate" to the habeas action and should be suspended.  (Pl.'s Obj. [15] at 2-4.)

Since plaintiff filed her objections, however, this Court has ruled on the habeas action filed by plaintiff in Case No. 1;13-cv-

3692-JEC-LTW.  On July 25, 2014, the Court dismissed that action. *See* Doc. Nos. 31 and 32.[1]

Accordingly, because plaintiff's claims in this action implicate the validity of her state judgment of conviction and because that judgment has not been invalidated, plaintiff's present § 1983 action cannot be entertained.  Accordingly, plaintiff's Objections to the R&R [15] are **OVERRULED**.  The Court **ADOPTS** the R&R [9] as the opinion of the Court.  This action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.  Plaintiff's Motion for Partial or Full Summary Judgment [7] is **DENIED AS MOOT**.

---

[1] Even had this Court not dismissed plaintiff's habeas corpus action, it would have been unable to stay the present § 1983 action pending resolution of that habeas case.  Specifically, a § 1983 action that is barred by *Heck* (that is, an action in which success on the claims would impugn the validity of a criminal conviction or sentence) cannot be stayed.  *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995).  Claims barred by *Heck* are not cognizable under § 1983, and the Supreme Court has held it is error for district courts to stay such cases.  *Edwards*, 520 U.S. at 649.  "[A] claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.; cf. Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)(noting that courts have power to stay a civil action filed before a criminal case has concluded, where *Heck* does not apply because there has been no conviction).  If a plaintiff "eventually satisfies the precondition to a valid claim under *Heck*" --invalidation of her conviction or sentence--she is permitted to raise that claim in a new civil rights action. *Abella*, 63 F.3d at 1065 & n.3 ("[A] 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

3

**SO ORDERED** this 26th day of July, 2014.


                                                 /s/ Julie E. Carnes
                                                 JULIE E. CARNES
                                                 CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)